Mr. Justice Clayton
delivered the opinion of the court.
This was an action upon a bill of exchange, drawn at Louisville, and payable in New Orleans. Upon the trial, besides the protest of the notary, made upon a presentment, and demand made by his deputy, the deposition of the notary was offered in evidence to prove the giving of notice of the protest, which was objected to, on the ground, “ that, by the laws of Louisiana, a deputy notary public has no power or authority to present bills of exchange and demand payment.” The objection was overruled, and the correctness of this decision forms the only question in the cause.
The statute of Louisiana, under which the protest was made, was passed in 1844, and a certified copy is contained in the record. It provides, “ that it shall be lawful for each and every notary public in New Orleans to appoint one or more deputies to assist him in the making of protests and delivering of notices of protests of bills of exchange and promissory notes: provided that each notary shall be personally responsible for the acts of each deputy employed by him, and provided that each deputy shall take an oath faithfully to perform his duties as such, before the judge of the parish in which he may be appointed, and provided the certificate of notice or protest shall state by whom made or served.”
We have not been able to find any decision of the supreme court of that state, which places a construction upon this statute. But in regard to promissory notes, that court has decided, without reference to this statute, that “ a demand made by the clerk of a notary, to whom the note had been given for the purpose of making demand, and giving notice in case of dishonor, is sufficient. The notary has a right to appoint a substitute, for *189 whose acts he is answerable: And where, in such case, the notice of non-payment was made out by the notary, and deposited in the post-office by the clerk, the notice will be good.” Follain v. Dupré, 11 Rob. La. R. 455. This court made a different decision in regard to the demand and notice in this state; yet there is no doubt that the laws of the place, where the bill or note is payable, must furnish the rule for the manner of making demand and protest. Ellis's Adm'r. v. Com. Bank of Natchez, 7 How. 303; Carter v. Union Bank, 7 Hump. 548.
As the court in Louisiana gave validity to the acts of the notary’s clerk in regard to promissory notes, without a statute, it is not an unwarrantable inference, that they would give the same effect to the same act in respect to foreign bills under the statute, already cited.
In Tennessee, the construction of this statute of Louisiana, passed under consideration, in regard to the validity of a protest made by the notary, upon a presentment made by his deputy. The court held that such protest was valid. Carter v. Union Bank, 7 Humph. 550.
The notarial certificate of protest is itself sufficient proof of the dishonor of the bill, without other evidence. Townsley v. Sumrall, 2 Peters, 170; Carter v. Union Bank, ut supra. The deposition in this case could only have been requisite to prove the notice. Under the statute, we think the protest was properly made, and the deposition rightfully admitted. The other objections to the testimony, which were not taken in the court below, will not be noticed here. Torrey v. Fisk, 10 S. & M. 596.
The judgment is affirmed.